IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| THOMAS NEWSOME, | ) | |
|---|---|---|
| Plaintiff, | ) | NO. 3:21-cv-00041 |
| v. | ) | JUDGE RICHARDSON |
| WILLIAM B. LEE, et al., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 26), recommending that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 19) and Plaintiff's Motion for Preliminary Injunction (Doc. No. 21) be denied. Plaintiff has filed Objections to the R&R's findings related to the Motion for Preliminary Injunction only.[1] (Doc. No. 27). Defendants did not file objections to the R&R.

## STANDARD OF REVIEW

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence,

---

[1] Though Plaintiff's Objections were not filed on the docket until February 22, 2022, four days after the deadline for filing Objections to the R&R, the Court will consider them (particularly because this *pro se* plaintiff likely mailed his Objections in advance of the February 18, 2022 deadline, as evidenced by Plaintiff's Certificate of Service dated February 16, 2022). (Doc. No. 27 at 6). In addition, the Court notes that Plaintiff did not sign his Objections and hereby cautions Plaintiff that he must sign all future filings.

or return the matter to the magistrate judge with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made.[2] Objections must be specific; a general objection to the report and recommendation is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias*, 2019 WL 549506, at *2 (internal citations and quotation marks omitted). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881

---

[2] The Local Rule also provides that any objections must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. Also, a separately filed supporting memorandum of law must accompany the objections. Local Rule 72.02(a). Plaintiff's Objections do not comport with these requirements, but because the Court views the filings of *pro se* litigants with more leniency than it does the filings of represented litigants, the Court will not reject Plaintiff's Objections out of hand. However, the Court will note that because Plaintiff's Objections are not supported by affidavits and contain only limited citations to the record, the Court can only give the Objections their (limited) appropriate weight.

(W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

To the extent that an objection is made, pursuant to Fed. R. Civ. P. 72(a) the Court may modify or set aside any part of a Magistrate Judge's Order on a non-dispositive matter that is clearly erroneous or is contrary to law. The "clearly erroneous" standard applies only to factual findings, while legal conclusions are reviewed under the "contrary to law" standard. *Norfolk Cty Retirement Sys. v. Community Health Sys., Inc.*, No. 3:11-cv-00433, 2019 U.S. Dist. LEXIS 112291, 2019 WL 3003647, at * 1 (M.D. Tenn. Apr. 19, 2019); *Equal Emp't Opportunity Comm'n v. Burlington Northern & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009). This standard is deferential, and mere disagreement with the Magistrate Judge and/or an assertion that the Magistrate Judge should have ruled differently does not rise to a clear error of fact or a decision contrary to law. *See Shabazz v. Schofield*, No. 3:13-CV-00091, 2014 U.S. Dist. LEXIS 163642, 2014 WL 6605504, at *1 (M.D. Tenn. Nov. 19, 2014) ("The Court is not empowered to reverse the magistrate judge's finding simply because this Court would have decided the issue differently."). When examining legal conclusions under the contrary to law standard, a court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Vanderbilt Univ. v. Scholastic, Inc.*, 321 F. Supp. 3d 830, 832-33 (M.D. Tenn. 2018).

## DISCUSSION

1. <u>Plaintiff's Motion for Preliminary Injunction</u>

Plaintiff states that his objections "shall address specific errors in the Report and Recommendation as well as make points as to why the [R]eport and [R]ecommendation is [sic]

incorrectly makes the order it does." (Doc. No. 27 at 1). In actuality, the Objections do not raise any specific disagreement with any particular finding in the R&R concerning the Motion for Preliminary Injunction. Instead, the argument section of the Objections discusses only an indigent party's right to assistance of counsel—a topic entirely unrelated to the Motion for Preliminary Injunction.

2. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint

No party has objected to the R&R's findings related to Defendant's Motion to Dismiss; thus, the Court has no duty to independently review the matter. Nonetheless, the Court has reviewed the R&R's findings on the Motion to Dismiss, and the R&R's denial of the Motion to Dismiss is adopted and approved.

## CONCLUSION

For the reasons discussed herein, the Report and Recommendation (Doc. No. 26) is adopted and approved. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 19) and Plaintiff's Motion for Preliminary Injunction (Doc. No. 21) are each **DENIED.**

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE