IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| THOMAS NEWSOME, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:21-cv-00041 |
| ) | |
| WILLIAM LEE, Governor of the State of ) | |
| Tennessee in his official capacity; and ) | District Judge Richardson |
| DAVID B. RAUSCH, Director of the ) | |
| Tennessee Bureau of Investigation in his ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO ADMINISTRATIVELY STAY CASE PENDING RULING IN SIXTH CIRCUIT APPEAL

Defendants respectfully move the Court to suspend all remaining deadlines and hearings, and administratively stay this case, until after the Sixth Circuit rules on the merits of a pending appeal that Defendants believe will directly impact this litigation. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Plaintiff challenges the constitutionality of the Tennessee Sexual and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 ("the Act"), Tenn. Code Ann. §§ 40-39-201 to -218. (D.E. 15.) This case is not set for trial, and no scheduling order has been entered. Plaintiff has filed a third Motion for Preliminary Injunction and Permanent Injunction, (D.E. 37), after denial of two previously filed motions for the same relief, (D.E. 31, 35), and Defendants have

filed a Response to the third Motion for Preliminary Injunction and Permanent Injunction, (D.E. 39.) As explained in Defendants' Response, Plaintiff's third Motion is equally as deficient as his first two and should likewise be denied. (*See* D.E. 39, PageID# 254-55.) The Court has not yet ruled on this third Motion. In the interim however, on March 24, 2023, Defendants filed a notice of appeal in another sexual offender case involving the same or substantially similar legal issues. *See Does #1-9 v. Lee*, 3:21-cv-590 (M.D. Tenn.), ECF No. 138, *appeal filed* No. 23-5248 (6th Cir.).

District courts can exercise their inherent power to stay proceedings when a similar case is pending on appeal and a decision in the appeal would aid resolution of the district court litigation. *See Lech v. Gettel*, No. 22-cv-11197, 2022 WL 17832699, at *4-5 (E.D. Mich. Dec. 21, 2022) (staying district court litigation where appeal involved same defendant and "all the claims present in the instant case are presently before the Sixth Circuit"); *Anderson v. Jacobs Eng'g Grp., Inc.*, 2019 U.S. Dist. LEXIS 245543, *5-6 (E.D. Tenn. Nov. 20, 2019) (staying district court case pending outcome of arbitration in similar case involving same defendant and same legal issues); *Speight v. EquityExperts.org, LLC*, No. 17-13663, 2019 WL 1492207, at *1-2 (E.D. Mich. April 4, 2019) (staying district court litigation where appeal involving same defendant and "different, but similar" issues would "narrow the issues in [the district court case]" and "be helpful to the Court in resolving the parties' dispositive motions"); *Abington Emerson Capital, LLC v. Adkins*, No. 2:17-cv-143, 2018 WL 2454601 (S.D. Ohio June 1, 2018) (granting stay due to pending bankruptcy proceeding involving some of the litigants); *Choon's Design, Inc. v. Tristar Products, Inc.*, No. 14-10848, 2018 WL 11351661, at *2-4 (E.D. Mich. July 13, 2018) (staying district court litigation where decision of appeal in another circuit would "very likely render moot much of the work done in this case between now and trial"); *Aim Leasing Co. v. RLI Corp.*, No. 4:14-cv-02161,

2016 WL 3971300 (N.D. Ohio July 25, 2016) (granting stay of district court proceedings pending resolution of state court declaratory action which would "greatly redu[ce] the amount in controversy and increa[se] the potential for an amicable settlement between the parties"); *ADAC Plastics, Inc. Employee Benefits Plan v. Blue Cross and Blue Shield of Michigan*, No. 12-cv-15615, 2013 WL 5313455, at *7 (E.D. Mich. Sep. 20, 2013) (staying district court litigation where appeal involving the same defendant and related issues would "substantially affect the outcome of" pending district court litigation).

The Sixth Circuit's decision in *Does #1-9* will become controlling precedent in this case and numerous other pending cases filed by similarly situated plaintiffs. Defendants ask the Court to suspend its consideration of the pending third Motion for Preliminary Injunction and Permanent Injunction as part of this requested stay. Considering the impact that the Sixth Circuit's future ruling in *Does #1-9* may have on the litigation and analysis in this case, Defendants submit that it would be the most efficient use of party and judicial resources to stay this case pending the Sixth Circuit's ruling.

The party seeking a stay of proceedings bears the burden of showing "pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Environmental Council v. United States District Court, S. Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977). The pressing need for delay is the imminent decision of the Sixth Circuit Court of Appeals in *Does #1-9*, which will create binding precedent for the issues squarely before the court in this case. The need for a stay is rendered more pressing to prevent potentially inconsistent outcomes. In the event this case proceeds to trial before the Sixth Circuit issues its opinion, one or both parties may seek a new trial in light of the ruling.

Neither Plaintiff nor the public will suffer harm from entry of a stay. *Ohio Envtl. Council,* 565 F.2d at 396. Plaintiff has not diligently pursued relief in this litigation, and as a result, cannot complain that a stay would harm him in any way. Plaintiff commenced this action on January 19, 2021, and since that time has not propounded any discovery or furthered this matter toward resolution in any way. Rather, Plaintiff has filed the same facially deficient motion three times, most recently failing to follow the court's precisely delineated instruction on the proper form and content. (*See* D.E. 35, 37, 38, 39.) Likewise, the public will suffer no harm from a stay and would in fact enjoy the benefit of judicial economy. *See Astec Am., Inc. v. Power-One, Inc.*, No. 07-464, 2008 U.S. Dist. LEXIS 55100, at *14-15, 2008 WL 11441994, at *3 (E.D. Tex. July 15, 2008) ("[A] stay will serve the public by controlling litigation expenses and conserving judicial resources. . . . 'Controlling litigation expenses and conservation of judicial resources serves not only the parties and the Court, but also the public as a whole.'").

Furthermore, the stay sought by Defendants has reasonable limits. *See Ohio Envtl. Council*, 565 F.2d at 396. Should the Court find it beneficial, Defendants can provide updates to the Court every 90 days, or as the Court directs, for the purpose of informing the Court and Plaintiff of the status of the *Does #1-9* appeal. And, within 30 days of the Sixth Circuit's mandate in *Does #1-9*, Defendants will file an update with the Court informing it of the impact the Sixth Circuit's decision will have on this stayed case.

Thus, Defendants respectfully request that the Court grant this motion and administratively stay this case (temporarily suspending all deadlines and hearings) pending a ruling in the *Does #1-9* appeal.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

s/ *Liz Evan*
LIZ EVAN (#037770)
Assistant Attorney General
DONNA L. GREEN (#019513)
Assistant Attorney General
Law Enforcement and Special
Prosecutions Division
Office of the Tennessee
Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 532-1600
liz.evan@ag.tn.gov
donna.green@ag.tn.gov

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served via certified mail on this the 19th day of April 2023, upon:

Thomas Newsome
3294 Hinkle Dr.
Nashville, TN 37218

s/ *Liz Evan*
LIZ EVAN