IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS NEWSOME ) | |
| ) | |
| v. ) | Civil Action No. 3:21-cv-0041 |
| ) | Judge Richardson/Frensley |
| WILLIAM B. LEE, ET AL. ) | Jury Demand |

**REPORT AND RECOMMENDATION**

### I. INTRODUCTION

Pending before the Court is the pro se Plaintiff's Third Motion for Preliminary Injunction (Docket No. 37) and supporting supplemental memorandum and declaration (Docket No. 38). The Defendants have filed a response in opposition to the motion. Docket No. 39. Also pending is the Defendants' motion to administratively close the case pending the appeal of a related issue in the Sixth Circuit Court of Appeals. Docket No. 42. For the reasons set forth herein, the undersigned recommends that the Plaintiff's motion for preliminary injunction be **GRANTED** and that the matter be administratively closed pending a resolution of the related case in the Sixth Circuit Court of Appeals.

### II. BACKGROUND

#### A. Tennessee's Sex Offender Registry Laws

In 1994, Tennessee's first sex offender registry law (Sex Offender Registration and Monitoring Act ("SORMA"), was enacted. 1994 Tenn. Pub Act. Ch. 976. The Act required individuals convicted of any one of several identified sexual offenses to register, "unless the offender had been wholly released without supervision from incarceration, prohibition or parole prior to January 1, 1995. *Doe v Haslam,* 2017 WL 5187117, at *1 (M. D. Tenn. November 9, 2017). Thereafter, the General Assembly repeatedly amended SORMA to expand its scope, to

increase the reporting requirements placed on registered offenders, and to reduce the level of confidentiality of registry information. *Id.* at *2.

In 2004, the Tennessee General Assembly repealed SORMA and replaced it with a similar but more stringent registration know as SORA. 2004 Tenn. Pub. Laws Ch. 921. SORA sets forth a plethora of registration and reporting requirements and provides that violation of these requirements are a felony (as opposed to a misdemeanor under SORMA). T C. A. §40-39-208. SORA likewise has been repeatedly revised and amended to increase its restrictions, requirements and to make more information publicly available about registrants. *Haslam*, 2017 WL 5187117, at *3.

### B. Thomas Newsome's Circumstances

In 1988, Newsome was convicted by a jury in the Davidson County Criminal Court of aggravated rape and aggravated kidnapping and sentenced to an effective term of fifty-five years in the Tennessee Department of Correction. Docket No. 38, p. 1. Plaintiff was released on parole in January of 2019, after serving 33 years on his sentence. *Id.* at p. 2. Prior to his release date, Plaintiff was advised to report to the Department of Correction to register as a sex offender. *Id.* On February 2, 2020, Plaintiff wrote to the Tennessee Bureau of Investigation requesting removal from the Sex Offender Registry. *Id.* Plaintiff's request was denied. *Id.* According to the Plaintiff, he will not be eligible for removal from the registry and must continue to register for the rest of his life while living in the state of Tennessee. *Id.* p. 3.

The Plaintiff is now in his late sixties. According to him, he was denied employment opportunities due to his status on the registry in 2019, and has been denied housing for the same reason. *Id.* He asserts that the registration requirement has "substantially interfered with Plaintiff's career, residential options, relationship, embarrassment, and overall enjoyment of life

2

Case 3:21-cv-00041   Document 47   Filed 08/04/23   Page 2 of 9 PageID #: 288

and will continue to due (sic)." Id at p. 5.

Plaintiff filed this action challenging SORA as applied to him on January 19, 2021. Docket No. 1. On initial review, the Court dismissed all Plaintiff's claims except the official capacity § 1983 claims for relief against Governor Bill Lee and T. B. I. Director David Rausch, challenging the act based on the Equal Protection Clause of the Fourteenth Amendment and the Ex Post Facto Clause. Docket No. 7. In addition to amending his Complaint, the Plaintiff has previously filed two motions for preliminary injunction which were denied by the Court without prejudice to refile. Thereafter, the Plaintiff files the instant motion and supporting memorandum. Docket Nos. 37 and 38.

### III. LAW AND ANALYSIS

#### A. Legal Standard

The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial of the merits can be had. *Certified Restoration Dry Clean Network, LLC v. Tenke Corp.*, 511 F. 3d 535, 542 (6th Cir. 2007)(citations omitted). The decision as to whether to issue a preliminary injunction is committed to the trial court's discretion. *N. E. Ohio Coal v. Blackwell*, 467 F. 3d 999, 1009 (6th Cir. 2006)(*Patio Enclosures Inc. v. Herbst*, 39 Fed. Appx. 964, 967 (6th Cir. 2002). Preliminary injunction is an extraordinary remedy to be applied only in the limited circumstances which clearly demand it. *Leary v. Daeschner*, 228 F. 3d 729, 739 (6th Cir. 2000).

The moving party has the burden of proving that the circumstances "clearly demand" a Preliminary Injunction. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002). The court must balance four factors in deciding whether to issue a preliminary injunction "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the

3

Case 3:21-cv-00041   Document 47   Filed 08/04/23   Page 3 of 9 PageID #: 289

injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retied Employees Ass'n. v. Schimmel*, 751 F. 3d 427, 430 (6th Cir. 2014)(*en banc*)(internal quotation marks omitted).

These four factors are "factors to be balanced, not prerequisites that must be met." *Michael v. Futhey*, 2009 WL 4981688, at *17 (6th Cir., December 17, 2009)(quoting *Six Clinics Holding Corp., II v. Cafcomp Systems*, 119 F. 3d 393, 400 (6th Cir. 1997)). Nonetheless, it remains that the hallmark of injunctive relief is the likelihood of irreparable harm. *Patio Enclosures, Inc. v. Herbst*, 39 Fed. Appx. 964, 967 (6th Cir. 2002)("[t]he demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction."); *see also Winter v. Natural Resources Defense Council, Inc.,* 555 U. S. 7, 22-23, 129 S. Ct. 365, 172 L. Ed 2d 249 (2008)(rejecting the notion that a mere "possibility" of irreparable injury was sufficient for a preliminary injunction and holding that "plaintiffs seeking preliminary relief [are required] to demonstrate that irreparable injury is *likely* in the absence of an injunction")(emphasis in original). "A finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzalez v. National Board of Medical Examiners*, 225 F. 3d 620, 625 (6th Cir. 2000).

"Pro se litigants have the right to be heard in federal courts and represent themselves. Derived directly from section 35 of the Judiciary Act of 1789, 28 U.S.C. § 1654 guarantees the right to proceed pro se in civil actions in federal courts. It provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Greene v. Frost Brown Todd, LLC*, 856 F. 3d 438, 439 (6th Cir. 2017).

While pro se litigants must comply with the procedural rules that govern civil cases, a pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than

formal pleadings filed by attorneys. *Hank McNeil v United States*, 508 U. S. 106, 113 (1993); *Haines v. Kerner*, 404 U. S. 519, 520-21 (1972).

**B.      The Case at Bar**

The Plaintiff seeks injunctive relief prohibiting the application of SORA, because the registry laws are unconstitutional under the ex post facto clause. Docket No. 37. The Defendants argue that because the Plaintiff cannot show a likelihood of success on the merits of his case and has failed to demonstrate irreparable harm absent injunctive relief, his motion should be denied. Docket No. 39.

As an initial mater, the Court notes that Plaintiff's challenge to SORA is neither unique nor novel. Numerous cases have been brought and are pending in this district by individuals similarly situated to the Plaintiff and asserting similar if not identical claims to those asserted by the Plaintiff in this case. This court in other cases interpreting Tennessee's Sexual Offender Registration Act have almost universally granted injunctive relief during the pendency of the appeal in the matter of *John Doe #1, et al v. William Lee, et al.,* 23-5248 (March 28, 2023)  (M. D. Tenn.). In fact, the Defendants have routinely consented to the entry of preliminary injunction and administrative stay of the case pending resolution of the appeal. *See e. g. Doe v. Lee, et al.* 3:23-cv-592, *Doe v. Lee et al.,* 3 :23-cv-624. Apart from the fact that Mr. Newsome is representing himself while those cases in which the Defendants have agreed to entry of preliminary injunction are counseled cases, the Court can see no explanation for why they should be treated differently. In any event, the undersigned finds the authority of those cases granting preliminary injunction to be compelling and equally determinative in this case.

**1.      Plaintiff is likely to succeed on the merits of his constitutional claim**

To succeed on his ex post facto challenges, the Plaintiff must establish first, that the laws

5

enforced against him retroactively, and second the law must be punitive. *Hardaway v. Lee,* 2023 WL 2749369 at *3 (M. D. Tenn. March 31, 2023). It is clear that all relevant offenses in this matter were committed in the 1980s, long before the enactment of SORA in 2004 or even its predecessor SORMA in 1994. The relevant date for determining retroactivity is the date the offense was committed. *Doe v. Bredesen,* 507 F. 3d 998, 1003 (6th Cir. 2007). Based on the foregoing, SORA's application to the Plaintiff is retroactive. Courts in this district have held that Tennessee's SORA provisions are punitive as a matter of law. *Hardway,* at *4 (collecting cases). Because, like the Plaintiffs in each of those cases, Mr. Newsome's offense occurred prior to January 1, 1995, the Court finds that the sole reason he is required to comply with the act is the result of his pre-1995 behavior. Like the other courts to consider these circumstances, the undersigned finds this element is satisfied for purposes of the requested preliminary injunction just as several other courts in this district have found. *Id.* The undersigned specifically adopts the reasoning set forth in those case as applied to the Plaintiff's claims and finds no reason to ignore the building precedent on this issue. Therefore, the undersigned finds that Plaintiff's ex post facto claim is likely to succeed on the merits.

   2.    **The Plaintiff risks irreparable harm**

When a right secured under the Constitution is threatened or impaired, "a finding of irreparable injury is mandated," *Bonnell v. Lorenzo*, 241 F. 3d 800, 809 (6th Cir 2001), or is at the very least presumed. *Vitolo v. Guzman*, 999 F, 3d 353, 360 (6th Cir 2021). Having established a likelihood of success on the merits of Plaintiff's constitutional claim, there is a presumption that he faces irreparable injury absent a preliminary injunction.

The Defendants argue that the Plaintiff has not demonstrated that irreparable harm will follow absent injunctive relief and that he offers no factual support for his contentions that he has

suffered harm under the act. Docket No. 39, pp. 4, 15-17.

While Plaintiff certainly could have elaborated further on the harm he has suffered based upon the registration requirements, it is important to afford some leeway given his pro se status. Further, the restrictions on Plaintiff's employment and residence set forth in his memorandum exists only as a result of the violation of his constitutional rights. This, combined with the Court's finding regarding a likelihood of success on the merits and the presumption of irreparable injury in such circumstances, establish that enforcement of SORA against the Plaintiff constitutes irreparable harm.

### 3. Additional preliminary injunctive factors do not weigh against the Plaintiff

With a likelihood of success on the merits, the other factors do not weigh against the issuance of a preliminary injunction here. Having found a likelihood of success and irreparable harm, the final two factors – harm to others and harm to the public- does not provide sufficient reason to deny injunctive relief. On these points, the state asserts in conclusory manner that the factors weigh against granting a preliminary injunction and that the public interest is served and substantial harm to others avoided by enforcing the act against the Plaintiff. Docket No. 39, p. 17.

While it is undoubtedly true that the goal of sex offender laws is to protect the public from future sexual offenses, it is far from clear that the law actually does that. Those purported benefits are necessarily speculative. However, the application of SORA has been shown to establish concrete harms and it is well-established that the public interest is served by preventing the violation of constitutional rights. *Vitolo*, 999 F. 3d 360 (citations omitted). Therefore, granting the requested injunction will not cause harm to others and favors the public interest. After balancing all of the factors, the undersigned determines that a preliminary injunction

should issue.

### C. Motion to Administratively Stay Case

The Courts power to stay proceedings is well established. *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). In order to protect the Parties' rights and liabilities without undue delay, the court is to weigh competing interests and maintain an even balance. *Id.* (citations omitted).

Here, a stay of this action until the Sixth Circuit adjudicates *John Doe #1, et al v. William Lee, et al.,* 23-5248 (March 28, 2023), is warranted. Proceeding in this matter would put the Parties in the difficult position of expending time and effort to prepare while the Sixth Circuit is considering a potentially dispositive legal issue. A stay, coupled with the preliminary injunction issued contemporaneously, will benefit all parties. It will further allow the Court to efficiently control the disposition of the cases on its docket and will result in economy of time and effort for the parties and the Court. Accordingly, the undersigned recommends that this action be stayed until, the Sixth Circuit adjudicates *John Doe #1, et al. v. Lee, et al.*

### IV. CONCLUSION

For the reasons set forth herein, the undersigned recommends that that the Court **GRANT** the Plaintiff's motion for preliminary injunction (Docket No. 37) and **ORDER** that the Plaintiff be removed from the Tennessee Sex Offender Registry and the Defendants enjoined from enforcing the Sex Offender and Violent Sex Offender Registration Verification and Trafficking Act against the Plaintiff and that the motion to administratively close this case pending the Sixth Circuit's adjudication of *John Doe #1, et al v. Lee et al.,* (Docket No. 43) be **GRANTED**. The undersigned further recommends that within twenty-eight (28) days of the Sixth Circuit's adjudication of *John Doe #1, et al v. Lee et al.,* the Defendants shall file a status report addressing the impact the Sixth Circuit's adjudication may have on this case.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**