IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| THOMAS NEWSOME, | ) | |
|---|---|---|
| Plaintiff, | ) | NO. 3:21-cv-00041 |
| v. | ) | JUDGE RICHARDSON |
| WILLIAM B. LEE, et al., | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is a Report and Recommendation of the Magistrate Judge (Doc. No. 47, "R&R"), wherein the Magistrate Judge recommends that the Court grant Plaintiff's motion for preliminary injunction (Doc. No. 37) and grant Defendants' motion to stay the case (Doc. No. 43) pending the Sixth Circuit's adjudication of an appeal in another sexual offender case involving the same or substantially similar legal issues. *See Does #1-9 v. Lee*, 3:21-cv-590 (M.D. Tenn.), ECF No. 138, *appeal filed* No. 23-5248 (6th Cir.). No parties have filed an objection within 14 days as required by Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1).

The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Id.* at *2 (internal citations

and quotation marks omitted). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id*.

Accordingly, the R&R (Doc. No. 47) is **ADOPTED**. Plaintiff's motion for preliminary injunction (Doc. No. 37) is **GRANTED**. It is, therefore, **ORDERED** that, pursuant to Federal Rule of Civil Procedure 65, Defendants and their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them are hereby **ENJOINED** and **RESTRAINED** from the following:

(1) Enforcing Tennessee's Sex Offender and Violent Sex Offender Registration, Verification, and Monitoring Act ("SORA") (codified at Tenn. Code Ann. §§ 40-39-201 to 40-39-218) against Plaintiff;

(2) Requiring Plaintiff to comply with any portion of SORA; and

(3) Publishing Plaintiff's information on the sex offender registry.

Defendants are **FURTHER ORDERED** to provide notice of this Order to their officers, directors, agents, servants, representatives, attorneys, employees, and affiliates, and those persons in active concert or participation with them. Defendants shall take whatever means are necessary or appropriate to ensure proper compliance with this Order. This preliminary injunction is effective upon its issuance on September 1, 2023 at 4:00 p.m.

Nothing herein shall be taken to suggest that Defendants have conceded any particular litigation position in the future or have waived any right to defend any aspect of this case beyond this preliminary injunction.

Further, Defendants' motion to stay the case (Doc. No. 43) pending the Sixth Circuit's adjudication of *Does #1-9 v. Lee* is **GRANTED**. The Clerk is directed to administratively close the case. Within 30 days of the Sixth Circuit's decision in *Does #1-9 v. Lee*, the Parties shall file a notice to that effect and move to reopen the case and lift the stay.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE